IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DERRICK S. WOY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. 3:18-243 |
| ANDREW M. SAUL, Commissioner of Social Security,[1] | ) ) ) ) | |
| Defendant. | ) ) ) | |

AMBROSE, Senior District Judge

**OPINION
and
ORDER OF COURT**

**I. BACKGROUND**

*Pro se* Plaintiff, Derrick S. Woy, has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). Plaintiff applied for SSI on or about July 31, 2015, alleging a disability beginning on January 1, 1991. [ECF No. 9-6 (Ex. E2D)]. In his application, he alleged that he was disabled due to anxiety, bipolar, depression, Tourette's Syndrome, and OCD. [ECF No. 9-7 (Ex. E2E)]. Administrative Law Judge ("ALJ") Marty R. Pillion held a hearing on July 12, 2017, at which Plaintiff was not represented by counsel. [ECF No. 9-2, at 30-59]. Plaintiff appeared at the hearing and testified

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 18, 2019, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

1

on his own behalf. Id. Plaintiff's mother, Joni Collins, and a vocational expert also were present at the hearing and testified. Id. In a decision dated October 26, 2017, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 9-2, at 13-23]. On October 3, 2018, the Appeals Council denied Plaintiff's request for review. Id. at 1-7. Having exhausted all of his administrative remedies, Plaintiff filed this action.

Defendant filed an Answer and Transcript on February 11, 2019. [ECF Nos. 8, 9]. Pursuant to my first Scheduling Order, filed February 12, 2019, Plaintiff's motion for summary judgment and brief were due by March 29, 2019. [ECF No. 10]. After Plaintiff failed to file any motions by that date, I issued an Order to Show Cause requiring Plaintiff to file his motion and brief no later than May 23, 2019, or face dismissal of his case. [ECF No. 11]. In response, Plaintiff's mother, Joni Collins, submitted a letter statement docketed on May 10, 2019. [ECF No. 12]. On June 6, 2019, I ruled that Ms. Collins could not pursue this appeal in Plaintiff's stead because she is neither an attorney nor a party to this action. [ECF No. 14]. Given Plaintiff's *pro se* status, I extended the Show Cause Order deadline at that time to July 8, 2019. Id. On June 21, 2019, Plaintiff filed a letter to the Court which I have construed as his Motion for Summary Judgment. [ECF No. 15]. Defendant filed a Motion for Summary Judgment and Brief on July 22, 2019. [ECF Nos. 16, 17]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such

evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (U.S. 2019). Substantial evidence has been defined as "more than a mere scintilla." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not

3

satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. § 416.920.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  Dobrowolsky, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

In this case, I have considered Plaintiff's submissions according to well-established liberal standards applicable to *pro se* litigants.

### B. Whether the ALJ Erred in His Residual Functional Capacity Assessment

Plaintiff's one-page *pro se* filing summarizes his alleged impairments, symptoms, and abilities, but it fails to assert any specific errors in the ALJ's opinion.  [ECF No. 15].  By implication, however, the document may fairly be read to argue that the ALJ erred in determining Plaintiff's residual functional capacity ("RFC").  See id.  Keeping in mind Plaintiff's *pro se* status, I have reviewed the record and the ALJ's decision denying his SSI claims.  After such review, I agree with Defendant that the ALJ properly analyzed the evidence and that substantial evidence supports his conclusion that Plaintiff was not disabled within the meaning of the Act.

At step two of the analysis, the ALJ found that Plaintiff had severe impairments, including Tourette's syndrome, recurrent major depressive disorder, generalized anxiety disorder, social

anxiety, obsessive compulsive disorder, attention deficit hyperactivity disorder, bipolar disorder, other psychoactive substance dependence, and opiate dependence – sustained remission. [ECF No. 9-2 at 15]. The ALJ also found Plaintiff's migraine headaches to be non-severe. Id. At step three of the analysis, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 16-18. In so finding, the ALJ conducted a detailed analysis of Plaintiff's mental limitations under the "paragraph B" and "paragraph C" criteria of Listings 12.02, 12.04, and 12.06. Id. The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, except with the following non-exertional limitations: the claimant can understand, remember, and carry out simple instructions and make simple, work related decisions; can sustain an ordinary routine without special supervision; can work at a consistent pace throughout the work day but not at a production rate pace where each task must be completed within a strict time deadline; can tolerate occasional interaction with coworkers and supervisors and no interaction with the public; and can tolerate occasional changes in work setting. Id. at 18-22.

After a review of the opinion and the record, I find that the ALJ's RFC determination and related findings are supported by substantial evidence.[2] The ALJ acknowledged Plaintiff's complaints, many of which Plaintiff repeats in his summary judgment filing, including: antisocial behavior; rarely leaving home; fatigue; forgetfulness; difficulty concentrating; poor attention span; embarrassment (due to his Tourette's syndrome); low motivation; difficulty completing tasks,

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. § 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. Id. Ultimately, the responsibility for determining a claimant's RFC rests with the ALJ. 20 C.F.R. §§ 416.927(d); 416.946; Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011).

understanding, following written instructions, handling stress, and adapting to changes in routine; and reliance on his mother to do some tasks around the home such as laundry. [ECF No. 9-2 at 18-19]. Although the ALJ credited some of Plaintiff's allegations, he cited substantial record evidence supporting his finding that Plaintiff's complaints were not entirely consistent with the record and that he retained the residual functional capacity outlined above. The evidence the ALJ cited includes: numerous treating physician records and other medical evidence showing that Plaintiff responded positively overall to mental health treatment and medications; clinical findings demonstrating mental stability; Plaintiff's medication records; Plaintiff's GAF scores showing moderate symptoms/difficulties; Plaintiff's activities of daily living; portions of Plaintiff's mother's testimony; and the report of state agency psychological consultant, Valorie Rings, Psy.D., who reviewed the medical evidence and opined that Plaintiff had no greater than moderate functional limitations. See id. at 19-20 (citing Exs. E1A, E4E, E17E, E2F, E4F, E8F, E10F, E11F, E13F, E19F, E23F, E24F, E25F, and Testimony). To the extent the record contains conflicting medical opinions or other conflicting evidence, the ALJ adequately addressed that evidence and explained his decision to assign it lesser weight. See id. at 21 (citing Exs. E14E, E11F, E14F, E19F, E21F, E22F, and E26F); see also 20 C.F.R. § 416.927. Again, the ALJ did not discount Plaintiff's complaints in their entirety. Rather, he incorporated numerous restrictions related to Plaintiff's mental health impairments into his RFC finding. See id. at 22 (explaining in detail how the RFC accommodates Plaintiff's mental impairments and associated deficiencies).[3]

---

[3] In his summary judgment "letter" filing, Plaintiff asserts that he also has "back and neck problems" and that he "hurt[s] every day." [ECF No. 15]. He further states that he "had an MRI I think in Nov[ember]" and that he wouldn't be able to work lifting or standing for a long time. Id. Plaintiff, however, did not raise these or any other physical impairments in his social security application or at the hearing, and it is not appropriate for me to consider them in the first instance here.

Finally, the vocational expert testimony accepted by the ALJ accurately reflects Plaintiff's limitations as set forth in the RFC and supported by the record evidence cited above. See ECF No. 9-2, at 23, 53-58; see also Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987); Podedworny v. Harris, 745 F.2d at 218 (noting that the ALJ only needs to include limitations supported by the record in his hypothetical question to the VE). Accordingly, I likewise do not find any error in this regard.

Because the ALJ properly analyzed Plaintiff's claim, and his findings are supported by substantial evidence, the Commissioner's decision is affirmed. See 42 U.S.C. § 405(g) (sentence four).

### III.     CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied.   An appropriate Order follows

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DERRICK S. WOY,  )
 )
    Plaintiff,  )
 )
vs.  ) Civil Action No. 3:18-243
 )
ANDREW M. SAUL, Commissioner of  )
Social Security,[1]  )
 )
    Defendant.  )
 )

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 9th day of March, 2020, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Defendant's Motion for Summary Judgment [ECF No. 16] is GRANTED, and Plaintiff's Motion for Summary Judgment [ECF No. 15] is DENIED. The decision of the Commissioner is hereby affirmed.

                                        BY THE COURT:

                                        /s/ Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        U.S. Senior District Judge

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 18, 2019, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).